IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF TEXAS WACO DIVISION

| | |
|---|---|
| REBECCA DALBERG AND CORNELIUS DALBERG §<br>§<br>Plaintiffs, §<br>§<br>§<br>§<br>§<br>v. §<br>§<br>ETHICON INC. and JOHNSON & JOHNSON §<br>§<br>§<br>§<br>§<br>Defendants. § | Civil Action No. 6:20-cv-00030-ADA-JCM |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION
FOR LEAVE TO FILE SUPPLEMENTAL DISPOSITIVE MOTION**

    Plaintiffs, Rebecca Dalberg and Cornelius Dalberg, respectfully submit this opposition to Defendants' motion for leave to file a new, untimely motion for summary judgment.

    Plaintiff Rebecca Dalberg ("Mrs. Dalberg") underwent surgery on July 24, 2006 during which she was implanted with a medical device manufactured by Defendants called the Prolift, a transvaginal mesh sling for treatment of pelvic organ prolapse.  Due to the defects in the Prolift, Mrs. Dalberg suffered severe injuries, including chronic pelvic and vaginal pain, urinary incontinence, and pain during intercourse (dyspareunia).  Mrs. Dalberg also suffered multiple erosions/exposures of the Prolift mesh, which necessitated multiple mesh removal surgeries.  Due to the defective Prolift, which can never be fully removed, Mrs. Dalberg will continue to suffer from these severe, frequent, and permanent injuries for the rest of her life.

    On May 1, 2013, Plaintiffs filed a Short Form Complaint in the U.S. District of the Southern District of West Virginia in the *In Re: Ethicon, Inc. Pelvic Repair System Products Liability*

*Litigation*, MDL No. 2327 ("MDL" or "MDL Court"), which incorporated by reference the First Amended Master Long Form Complaint.  *See* ECF No. 1 (Short Form Compl.); ECF No. 23, Ex. 1 (First Am. Master Long Form Compl.).  While pending in the MDL for pretrial proceedings before the Honorable Joseph R. Goodwin, the parties conducted discovery and exchanged disclosure of their respective general and case-specific expert witnesses and reports.

As this Court is aware, this matter was pending for years before the MDL overseen by Judge Goodwin.  Judge Goodwin permitted discovery in each case pending in the MDL, including depositions and expert discovery. Judge Goodwin also permitted Defendants the opportunity to file dispositive motions.  Specifically, Judge Goodwin's Pretrial Order set an October 18, 2018 deadline for the filing of dispositive motions.  *See* ECF No. 20 (Pretrial Order 303).  In accordance with Judge Goodwin's Pretrial Order, Defendants filed a Motion for Summary Judgment in this matter on October 16, 2018.  *See* ECF Nos. 27-28.

Defendants seek leave to file a second motion for summary judgment on three grounds: (1) Defendants assert that  there is no genuine issue of material fact regarding whether Plaintiffs' claims are time-barred based on the statute of limitations; (2) Defendants assert that there is no genuine issue of material fact regarding Plaintiffs' failure-to-warn claims based on the deposition of Mrs. Dalberg's implanting physician, Mark L. Lobaugh, M.D. ("Dr. Lobaugh") ; and (3) certain of the expert opinions of Plaintiffs' case-specific expert, James M. Wheeler, M.D. ("Dr. Wheeler") are unreliable and unhelpful.  Yet, all of these arguments were available to Defendants at the time of their October 16, 2018 Motion for Summary Judgment and before the October 18, 2018 dispositive motion deadline.  There has been no change in facts or law with respect to the statute of limitations.  Dr. Lobaugh's deposition was taken on September 26, 2018.  *See* Dr. Lobaugh's deposition, attached hereto as Exhibit "A."  Dr. Wheeler's expert report, dated April 19, 2018, was

provided well-before the October 2018 deadline for filing dispositive motions.  *See* Dr. Wheeler's case-specific expert report, attached hereto as Exhibit "B."

Defendants suggest that, because they reserved the right in their 2018 Motion for Summary Judgment to file a supplemental motion for summary judgment upon transfer, they are permitted a second bite at the apple nearly two years after the October 2018 deadline set by Judge Goodwin. Their suggestion contravenes Judge Goodwin's Transfer Order and the purpose of the MDL. When the transfer to this Court was ordered, Judge Goodwin specifically noted that the time for filing dispositive motions was over, stating that "the parties have had time to file dispositive and *Daubert* motions, responses and replies."  *See* ECF No. 35 at p. 1 (Transfer Order).  Yet, Defendants now seek leave to file an untimely supplemental motion for summary judgment on grounds not advanced in their initial motion, nearly two years after the 2018 deadline.  These grounds have been waived and Defendants should not be able to raise them at this late stage.

Defendants provide no justification for their failure to move for summary judgment on the grounds not raised in their initial motion, beyond noting the large volume of cases in Wave 8 of this litigation.  Defendants do not claim that new facts or law support Defendants' motion for leave.  Defendants had the opportunity to move for summary judgment on any grounds they deemed meritorious in their original motion, including on all grounds discussed in their Motion for Leave, but they failed to raise such arguments at that time.  Defendants should not be excused for their failure to raise an issue that was ripe for consideration before the dispositive motion deadline.

It is in the interest of justice to advance Plaintiffs' case to trial, a day in court for which they have waited patiently while this case made its way through the MDL. Additionally, it is hardly in the interest of judicial economy to for the parties to undertake another round of summary

3

judgment briefing on an issue that was ripe for summary judgment consideration when Defendants' motion was due. Finally, Defendants made the strategic choice not to advance the proposed dispositive statute of limitations argument before the MDL Court. And now, 19 months later, Defendants have not provided good cause or justification for its untimely motion or a basis for reviving the dispositive motion briefing period.[1]

While Plaintiffs recognize that some federal courts have allowed Defendants in other transferred MDL cases to file supplemental summary judgment motions, a growing number of recent federal courts to which cases have been transferred by the MDL Court have outright denied similar requests. The same result should follow here.

Most recently in another Ethicon transvaginal mesh case, this Court denied Defendants' motion for leave to file a supplemental motion for summary judgment more than 19 months past the October 2018 deadline. *See* order in *Kingsbury v. Ethicon, Inc., et al.,* No. 1:20-cv-079-RP (W.D. Tex. June 22, 2020), attached hereto as Exhibit "C." Notably, Defendants' Motion for Leave in *Kingsbury* was based on the same grounds as the Motion here. The *Kingsbury* Court reasoned that the "issues Defendants seek to raise in their untimely motion were ripe for consideration long before Judge Goodwin's 2018 dispositive motion deadline and they fail to demonstrate good cause for raising them now." *Id.* at p. 3. This Court should follow its ruling in *Kingsbury* and deny Defendants' Motion for Leave.

Other courts have denied Defendants' Motion for Leave to file a second motion for summary judgment.

---

[1] Indeed, Defendants request for leave to file a supplemental dispositive motion is not limited to the instant case. In the majority of other actions remanded by the MDL, Defendants have requested or file similar motions. Defendants appear to have made the strategic choice to withhold certain arguments—such as statute of limitations and, like here, case-specific causation arguments—in the MDL in an effort to evade unfavorable rulings by Judge Goodwin in the MDL or wait and seek a more receptive forum upon remand. However, neither are a basis to grant the instant motion, and the gamesmanship should not be entertained here.

4

- In *Johns v. Ethicon, Inc., et al.,* No. 1:20-cv-00035 (E.D. Va. May 29, 2020), the court denied a similar motion for leave, noting that Defendants "now seek to file additional dispositive motions, one and a half years later," asserting new arguments and new legal theories that would be unfairly prejudicial to Plaintiff. *See Johns* order, attached hereto as Exhibit "D."

- In *Statham v. Ethicon, Inc., et al.*, No. 1:19-cv-04893-SDG (N.D. Ga. May 27, 2020), the court denied a similar request by Defendants to file a supplemental motion for summary judgment. *See Statham* order, attached hereto as Exhibit "E."

- In *Thibodeaux-Billodeaux v. Ethicon Inc.*, 2020 WL 1955296, (W.D. La. Apr. 22, 2020), the court found that Defendants failed to seek dismissal of certain claims in its motion for summary judgment before the MDL Court. *See Thibodeaux-Billdeauxv* order, NO. 2:20-CV-00110 (W.D. La. April 22, 2020), attached hereto as Exhibit "F." Accordingly, the Court denied the motion for leave, reasoning "the MDL court set a dispositive motion deadline of October 18, 2018. The Court agrees with Plaintiffs that the dispositive deadline has expired and there is no basis for reviving it in this Court." *Id.*

- In *Smith v. Ethicon*, 1:20-CV-212, at 4 (M.D. N.C., June 1, 2020), the court denied a similar motion for leave and held that "allowing further briefing at this juncture would unnecessarily delay the proceeding and would be contrary to the process established in the MDL." *See Smith* order, attached hereto as Exhibit "G."

- In *Rutherford v. Ethicon, Inc., et al.*, No. 20-cv-1066-EFM-TJJ (D. Kan. April 29, 2020), the court denied a similar motion, reasoning that "Defendants filed a motion for partial summary judgment in the MDL, and now seek leave to supplement that

motion to (1) seek full summary judgment by also addressing all of Plaintiff's other remaining claims, and (2) seek dismissal on the grounds that Plaintiff's action is barred by the applicable statute of limitations. Defendants concede the dispositive motion deadline set in the MDL has passed, and the Court will not grant Defendants leave to supplement their partial motion for summary judgment. Accordingly, Defendants' Motion for Leave (ECF No. 61) is denied. This Court will rule on the motions timely filed during the MDL which remain pending following remand of this action." *See Rutherford* order, attached hereto as Exhibit "H."

- In *Estrada v. Ethicon, Inc., et al.*, No. 4:20-cv-00313 (S.D. Tex. April 24, 2020), the court denied a similar request, reasoning, "[a]fter hearing argument from counsel for each side, the court denied the defendants request for leave to move for summary judgment, because the defendants failed to show good cause for filing the motion so long after the multidistrict litigation transferee courts October 2018 deadline for filing these motions had expired." *See Estrada* order, attached hereto as Exhibit "I."

At least one federal court has "strictly limited" supplemental briefing to issues or arguments that could not have been raised in the MDL, which is not the case here, and upon a showing of the "specific impediment" why each issue could not have been raised previously and timely. *See Lepley v. Ethicon, Inc., et al.*, No. 4:19-CV-01689 (M.D. Pa. March 6, 2020) and *Shafer v. Ethicon, Inc., et al.*, No. 1:20-CV-00066 (M.D. Pa. March 6, 2020) ("The court will permit defendants to file supplemental briefs, strictly limited to issues or arguments that could not have been raised in the summary judgment briefing in the Southern District of West Virginia as part of the consolidated Multi-District Litigation proceedings. If defendants filed any supplemental

6

briefs, they must state the specific impediment to raising each issue or argument in the consolidated Multi-District Litigation proceedings."). See collective *Lepley* and *Shafer* order, attached hereto as Exhibit "J."

Plaintiffs respectfully submit that this Court should follow the majority of other federal courts to whom MDL cases have been transferred and in which Defendants have requested leave to file a new, untimely dispositive motion. The deadline for filing such motions expired on October 18, 2018, and Defendants have not provided good cause or justification warranting relief to file a second round of dispositive motions. Accordingly, and for the foregoing reasons, Defendants instant motion should be denied.[2]

                                                         Respectfully submitted,

                                                         **KLINE & SPECTER, P.C.**

BY:   */s/ Philip M. Pasquarello*
        PHILIP M. PASQUARELLO, ESQUIRE
        1525 Locust Street
        Philadelphia, PA 19102

        *Counsel for Plaintiffs*

Dated: June 26, 2020

---

[2] In light of the above, Plaintiffs are not responding herein to the substantive arguments raised in Defendants' accompanying supplemental dispositive motion, for which they seek leave to file. In the event the Court grants Defendants' instant motion for leave (which Plaintiffs oppose), Plaintiffs respectfully request the opportunity to file a response brief in opposition to Defendants' proffered additional dispositive motion.

IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF TEXAS WACO DIVISION

| | | |
|---|---|---|
| REBECCA DALBERG AND CORNELIUS DALBERG<br>  Plaintiffs,<br><br>v.<br><br>ETHICON INC. and JOHNSON & JOHNSON<br><br><br>  Defendants. | § § § § § § § § § § § § § § § | Civil Action No. 6:20-cv-00030-ADA-JCM |

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing via the Court's CM/ECF system on the date indicated below, which automatically generates notification of the filing to all counsel of record.

Dated: June 26, 2020           */s/ Philip M. Pasquarello*
                        PHILIP M. PASQUARELLO, ESQUIRE