# EXHIBIT "C"

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARGARET KINGSBURY and JOHN JOSEPH KINGSBURY, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:20-CV-079-RP |
| ETHICON INC. and JOHNSON & JOHNSON, | § § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is Defendants Ethicon, Inc. and Johnson & Johnson's ("Defendants") motion for leave to file a supplemental motion for summary judgment. (Dkt. 62). Plaintiffs Margaret Kingsbury and John Joseph Kingsbury ("Plaintiffs") filed a response in opposition, (Dkt. 65), and Defendants filed a reply, (Dkt. 66). After considering the parties' arguments, the record, and the relevant law, the Court denies Defendants' motion.

This case was collected in a multidistrict litigation ("MDL") in the Southern District of West Virginia overseen by Judge Goodwin. *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-02327, MDL No. 2327 (S.D.W.Va). Judge Goodwin permitted discovery and expert discovery in each case pending in the MDL and also allowed Defendants the opportunity to file *Daubert* and dispositive motions. (Pretrial Order, Dkt. 65-1). Judge Goodwin's pretrial order set October 18, 2018, as the deadline for filing dispositive motions. (*Id.* at 3). Defendants filed a motion for partial summary judgment in accordance with that deadline. (Mot. Summ. J., Dkt. 27).

On January 23, 2020, this case was transferred to the Western District of Texas and the undersigned's docket. (Transfer Order, Dkt. 35; Order, Dkt. 40). Judge Goodwin's Transfer Order noted that "the time to conduct discovery is complete . . . and the parties have had time to file

1

dispositive and *Daubert* motions, responses and replies." (Transfer Order, Dkt. 35, at 1). Judge Goodwin then "urge[d] the receiving court to immediately set these cases for trial." (*Id.*).

Defendants' motion for partial summary judgment was still pending upon transfer to this Court. (Mot. Summ. J., Dkt. 55). Because Plaintiffs indicated in their response that they were not proceeding with the claims at issue in Defendants' motion for partial summary judgment, the Court dismissed Defendants' motion as moot. (Resp., Dkt. 29, at 1; Order, Dkt. 55). Defendants now seek leave to file a supplemental motion for summary judgment on all of Plaintiffs' remaining claims because "[p]laintiffs cannot sustain any of their remaining claims for lack of expert proof." (Mot. Leave, Dkt. 62).

While Defendants concede that the October 18, 2018, deadline for filing dispositive motions has long passed and "acknowledge that these issues were not presented in prior dispositive motion briefing in the MDL Court," Defendants nevertheless ask the Court for permission "to address Plaintiffs' lack of expert evidence now, before the parties incur needless additional expense for trial preparation and before the Court and potential jury expend unnecessary time and resources on the case." (Mot. Leave, Dkt. 62, at 3). In support, Defendants invoke the "peculiarities" of the pretrial proceedings in the MDL Court, noting that while "[e]ach wave" of cases in the MDL court typically "involved the work up of approximately four hundred cases over the course of four or five months," this case "was one of approximately 13,000 cases subject to a docket control order requiring case work up, as was determined to be necessary per case."(*Id.*; *see also* Reply, Dkt. 66, at 1). But Defendants do not specify how this posture impeded their ability to file a motion for summary judgment raising the issues they now seek to raise prior to the October 18, 2018, dispositive motion deadline. Defendants further argue that "[t]hese issues will be raised by Defendants at trial on directed verdict, so it benefits the Court to address them now to avoid wasted effort and expense."

2

(Mot. Leave, Dkt. 62, at 3; *see also* Reply, Dkt. 66, at 2 ("[T]here is no purpose in forcing Ethicon to wait until trial to raise a dispositive issue.")).

Plaintiffs disagree, noting that this case "was pending for years before the MDL overseen by Judge Goodwin." (Resp., Dkt. 65, at 1). Plaintiffs contend that the expert report and testimony forming the basis of Defendants' supplemental motion were available to Defendants "well before the 2018 dispositive motion deadline" and Defendants do not now claim that new facts or law support their untimely motion. (*Id.* at 3). Thus, Plaintiffs argue that "Defendants should not be excused for their failure to raise an issue that they acknowledge was ripe for consideration before the dispositive motion deadline." (*Id.* at 4).

The Court agrees. "Scheduling orders and their enforcement are regarded as essential in ensuring that cases proceed to trial in a just, efficient, and certain manner." *Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 493 (S.D. Tex. 2009). When Judge Goodwin transferred this case to this Court, he emphasized that "the parties have had time to file dispositive and *Daubert* motions" and urged this Court upon transfer "to immediately set these cases for trial." (Transfer Order, Dkt. 35, at 1). The issues Defendants seek to raise in their untimely motion were ripe for consideration long before Judge Goodwin's 2018 dispositive motion deadline and they fail to demonstrate good cause for raising them now. (Pretrial Order, Dkt. 65-1). Other courts, considering nearly identical procedural postures in cases transferred from the same MDL, reached this conclusion as well. *See, e.g.*, *Estrada v. Ethicon, Inc., et al.*, No. 4:20-cv-00313 (S.D. Tex. April 24, 2020) ("After hearing argument from counsel for each side, the court denied the defendants request for leave to move for summary judgment, because the defendants failed to show good cause for filing the motion so long after the multidistrict litigation transferee courts October 2018 deadline for filing these motions had expired."). Moreover, notwithstanding any of the alleged MDL Wave 8 "peculiarities," Defendants had six weeks after this case was transferred to the undersigned's docket and before the undersigned

3

ruled on its pending motion for summary judgment to raise the arguments they wish to advance now, and they chose not do so. (*See* Dkt. 35; Order, Dkt. 55).

Accordingly, Defendants' motion for leave to file a supplemental motion for summary judgment, (Dkt. 62), is **DENIED**.

**SIGNED** on June 22, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

4