# EXHIBIT "F"

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **THIBODEAUX-BILLODEAUX ET AL** | **CASE NO. 2:20-CV-00110** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ETHICON INC ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING AND ORDER

Before the Court is "Defendants' Motion for Summary Judgment" (Rec. 49) filed by Ethicon, Inc. and Johnson & Johnson (collectively referred to as "Ethicon") wherein movers seek to dismiss with prejudice Plaintiffs' remaining claims for Strict Liability – design defect (Count V) and punitive damages (Count XVII).[1] Ethicon argues that it is entitled to summary judgment because (1) Plaintiffs' experts have not identified any specific alternative design that would have avoided harm experienced by Mrs. Thibodeaux-Billodeaux; (2) Plaintiffs have failed to prove a defect in the design of the Prosima; (3) Plaintiffs have failed to prove that the TVT-O sling was a proximate cause of Mrs. Thibodeaux-Billodeaux's injuries; and (4) the Louisiana Product Liability Act does not authorize punitive damages.

## FACTUAL STATEMENT

Plaintiff, Dana Thibodeaux-Billodeaux, underwent surgery on May 10, 2011, when she received a Prosima device and TVT-O sling to treat stress urinary incontinence and

---

[1] Louisiana law does not provide for punitive damages; however, this issue will be addressed at a later date.

pelvic organ prolapse.[2] The implant surgery occurred in Louisiana.[3] Plaintiffs have been residents of Louisiana at all times pertinent to this case.[4] Mrs. Thibodeaux-Billodeaux was medically treated for her claimed bodily injuries in Louisiana.[5]

Plaintiffs direct-filed this suit on January 13, 2014, in the Southern District of West Virginia as part of the coordinated proceedings in MDL. No. 2327, *In re Ethicon, Inc. Pelvic Repair System Products Liability Litigation*.[6] On February 3, 2020, pursuant to a motion for summary judgment, this Court dismissed all claims asserted in this lawsuit that are not under the Louisiana Products Liability Act ("LPLA"), as well as strict liability—manufacturing defect (Count II) and strict liability – failure to warn (Count III).[7] The Court acknowledged that Plaintiffs would be pursuing its claims for strict liability – design defect and punitive damages.[8]

In their opposition, Plaintiffs remark that their claims for negligence (Count I), negligent misrepresentation (Count IX), negligent infliction of emotional distress (Count X), gross negligence (Count XIV) have survived summary judgment.[9] Plaintiffs' claims are subsumed by the LPLA; Plaintiffs conceded same in their opposition to the first motion for summary judgment filed by Ethicon.[10] The Court agrees with Defendants that these

---

[2] Defendants' exhibit a, Dana Ann Thibodeaux depo., 73:3-24 83:7-12; exhibit 4 attached thereto; Short Form Complaint, Rec. 1, ¶ 8-10.
[3] Id. ¶ 11.
[4] Short Form Complaint, Rec. 1, ¶ 4: Exhibit B, Pl. Fact Sheet (Redacted) at 2.
[5] Id. at 7, 9, 10.
[6] Id. Rec. 1.
[7] Recs. 39 and 40.
[8] Id. p. 5.
[9] Rec. 53-2, ¶ 8.
[10] See Rec. 22, pp. 1-2. ("Defendants allege that the Louisiana Product Liability Act ("LPLA") subsumes Plaintiffs' Negligence claims, including Negligence (Count I); Negligent Misrepresentation (Count IX); Negligent Infliction of Emotional Distress (Count X), and Gross Negligence (Count XIV). Plaintiff agrees the aforementioned claims are subsumed by the LPLA and will pursue these claims and theories of recovery under the LPLA."

2

claims are subsumed under the LPLA; moreover, Plaintiffs' claims lie solely under the LPLA and the Court's previous ruling dismissed these claims.[11]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S.

---

[11] See Memorandum Ruling dated February 3, 2020, granting Ethicon's motion for summary and dismissing all claims not under the LPLA. Rec. 39, p.5.

3

133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Ethicon moves to dismiss Plaintiffs' claims for strict liability – design defect (Count IV) and punitive damages (Count XVII). Plaintiffs contend that this motion for summary judgment is (1) untimely, and (2) that the instant motion for summary judgment is a renewal of the previous motion for summary judgment ruled upon by this Court.

The Court notes that it did not address and/or rule on the merits of Plaintiffs' claims as to design defect and punitive damages in the previous motion for summary judgment because Defendants did not seek dismissal of these claims.[12] Plaintiffs assert that the time for filing dispositive motions expired on October 18, 2018. Plaintiffs argue that Defendants do not provide a basis to revisit this Court's prior ruling.[13] Ethicon filed the instant motion for summary judgment on March 18, 2020. Ethicon contends that the MDL Judge's Order states that "the parties have had time to file dispositive ... motions," but that it does not prohibit subsequent dispositive motions.[14]

---

[12] See Memorandum Ruling and Judgment, Recs. 39 and 40.
[13] The initial motion for summary judgment was filed prior to being transferred to this Court, however, the undersigned issued the Memorandum Ruling and Judgment once it was assigned to this Court. See January 9, 2020 transfer order which states that discovery and dispositive motion briefing have been completed. Rec. 29.
[14] Rec. 56, p. 3.

4

Record Document 14 establishes that on June 13, 2018, the MDL court set a dispositive motion deadline of October 18, 2018. The Court agrees with Plaintiffs that the dispositive deadline has expired and there is no basis for reviving it in this Court.

Accordingly,

**IT IS ORDERED** that the motion for summary judgment is hereby **DENIED** as untimely.

**THUS DONE AND SIGNED** in chambers on this 22nd day of April, 2020.

*[signature]*
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**