# EXHIBIT "G"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SANDRA ANN SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20CV212 |
| ) | |
| ETHICON, INC. et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

ORDER

This case was part of a Multi-District Litigation and has now been referred back to this Court for trial. Discovery was completed as part of the MDL proceeding, and there is a pending Motion for Summary Judgment [Doc. #20], which has been referred to the District Judge in this case for consideration.

The matter is presently before this Court on the Parties' Joint Status Report [Doc. #49]. In the Joint Report, the Parties raise three issues to be addressed before the case is scheduled for trial: (1) the scope of any supplemental discovery in this Court prior to trial; (2) whether to allow re-briefing or re-filing of dispositive motions in this Court prior to trial; and (3) the status of various Daubert motions originally filed in the MDL proceeding but ultimately reserved for resolution at trial.

First, as to supplemental discovery, the Parties propose allowing Plaintiff to serve supplemental discovery within 30 days, and allowing Defendants to serve supplemental responses within 30 days thereafter. The Parties disagree regarding the possibility of

supplemental depositions as well. However, as noted above, discovery in this case closed while the case was in the MDL proceeding, and the orders of the MDL Court precluded the parties from conducting discovery after the Court-imposed deadlines, even by consent. In the Transfer Order, the MDL Court specifically advised as follows:

> the time to conduct discovery is complete in the cases on Exhibit A, and the parties have had time to file dispositive and Daubert motions, responses and replies. For the convenience of the parties and in order to promote the final resolution of these cases, it appears to the court that the cases would be more expeditiously concluded in the venues from which they arise. . . . ***Upon transfer, I urge the receiving court to immediately set these cases for trial without reopening discovery. Further discovery will only result in unjust delay. Extensive development of these cases over a period of years has made such further action completely unnecessary.***

(Transfer Order [Doc. #28] (emphasis in original).) In light of this directive, this Court concludes that there is no basis to re-open discovery in this case. The Court acknowledges, however, that it may be necessary to allow for the production of Plaintiff's updated medical records, given the passage of time since the close of discovery. Therefore, the Court will allow limited Supplemental Discovery as to Plaintiff's new medical records since the close of discovery, and other corrective information within the scope of Federal Rule of Civil Procedure 26(e)(1)(A), using the timeframe suggested by the Parties.[1] However, further additional discovery or supplemental depositions would be outside the scope of Rule 26(e) and would be contrary to the purpose and plan of the consolidated MDL proceeding. Plaintiff has been deposed, and so has her physician Dr. Szabo, and expert reports have been

---

[1] The Court reserves for future consideration the question of whether any supplemental or corrective information should be precluded from use at trial for failure to produce during the discovery period. That issue can be raised on pre-trial motions if necessary.

2

exchanged. There is no basis presently before the Court that would warrant further additional discovery outside the discovery period.[2]

With respect to dispositive motions, in the Joint Status Report, the Parties disagree as to whether the Court should proceed on the previously-filed Motion for Partial Summary Judgment, or alternatively whether the previously-filed Motion for Partial Summary Judgment should be stricken with leave to re-file and re-brief dispositive motions in this Court. The previously-filed Motion for Partial Summary Judgment [Doc. #20] sought judgment on many of Plaintiff's claims, including Plaintiff's claim for negligent failure to warn. In Response, Plaintiff agreed that many of her claims could be dismissed, but opposed summary judgment on the failure to warn claim. In addition to the failure to warn claim, Plaintiff also asserts a claim based on negligent design defect, and Defendants did not move for summary judgment as to that claim. Defendants now seek to re-brief the Motion for Summary Judgment as to the failure to warn claim, and also seek to add a Motion for Summary Judgment as to the negligent design defect claim. In considering these issues, the Court notes that the Parties agree that Plaintiff's claims for negligent failure to warn and negligent design defect, asserting both compensatory and punitive damages, are the only claims remaining in light of Plaintiff's agreement that the remaining claims should be dismissed. The pending Motion for Partial Summary Judgment as to the negligent failure to warn claim presents a fairly limited question with respect to the application of the learned intermediary doctrine under North Carolina law. (Defs.' Br. [Doc. #21] at 6-8.) Defendants now seek leave to file a new Motion for Summary

---

[2] The Court further notes that it does not appear that the limited Supplemental Discovery allowed above will impact the pending Motion for Partial Summary Judgment [Doc. #20].

3

Judgment on the negligent design defect claim, and also seek to present new grounds supporting dismissal of the negligent failure to warn claim. However, Defendants concede that the deadline established in the Ethicon MDL for the filing of dispositive motions has passed and that no supplemental motion may be filed without the Court's leave. The Court has considered the Parties' contentions, but concludes that allowing further briefing at this juncture would unnecessarily delay the proceeding and would be contrary to the process established in the MDL. The pending Motion for Partial Summary Judgment has been referred to the presiding District Judge, and after resolution of that Motion and any remaining pre-trial Daubert Motions, the case will be set for trial and the Parties can raise any other pre-trial issues.

With respect to the Daubert Motions, the Joint Report sets out the history of multiple Daubert Motions in the MDL. Some of those matters were resolved in the MDL, and some were reserved for trial. However, the Motions incorporated briefing from various other cases in the MDL and they have not been clearly presented in this Court. Therefore, the Parties will be directed to re-file any unresolved Daubert Motions that remain for resolution this case. Notably, this would not authorize a new round of Daubert Motions or briefing; instead, the Court will direct the Parties to re-file in this Court any previously-filed, unresolved remaining Daubert Motions that need to be addressed prior to trial in this case. The supporting briefs, responses, and replies should _not_ incorporate by reference and should instead set out in full all of the prior arguments that the Parties seek to raise for consideration here. Those Daubert

4

Motions should be filed within 30 days of this Order, with responses filed 21 days later and replies due 14 days thereafter.[3]

Finally, this case has been referred to mediation pursuant to Local Rule 83.9b. If the Parties fail to notify the Court of an agreed-upon mediator within 14 days of the date of this Order, the Clerk will select a mediator from the Court's panel of mediators. Mediation must be conducted within 90 days from the date of this Order, but may be conducted by telephone or video in light of the public health restrictions related to the COVID-19 pandemic.

IT IS THEREFORE ORDERED the request to re-open discovery is DENIED, except that the Court will allow limited Supplemental Discovery as to Plaintiff's new medical records since the close of discovery, and other corrective information within the scope of Federal Rule of Civil Procedure 26(e)(1)(A), to be provided by Plaintiff within 30 days of the date of this Order, and by Defendants within 30 days thereafter.

IT IS FURTHER ORDERED that the request to re-brief or re-file dispositive motions is DENIED.

IT IS FURTHER ORDERED that within 30 days of the date of this Order, the Parties must re-file any unresolved <u>Daubert</u> Motions that they are still pursuing and that remain for resolution this case, setting out the prior briefing for consideration in this Court as noted above. Responses must be filed 21 days later and replies filed 14 days thereafter.

FINALLY, IT IS ORDERED that this case is referred to mediation, which must be conducted within 90 days of the date of this Order, and may be conducted by video or

---

[3] Again, this briefing should not raise new issues or arguments, and instead should set out in briefing for this Court the prior arguments or issues included in the MDL briefing.

5

telephone.  If the Parties fail to notify the Court of an agreed-upon mediator within 14 days of the date of this Order, the Clerk will select a mediator from the Court's panel of mediators.

This, the 1st day of June, 2020.

/s/ Joi Elizabeth Peake  
United States Magistrate Judge