# EXHIBIT "H"

#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEFANIE RUTHERFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-cv-1066-EFM-TJJ |
| ) | |
| ETHICON, INC., et al. ) | |
| ) | |
| Defendants. ) | |

### ORDER

On April 28, 2020, the Court conducted a telephone conference with the parties to discuss the status of this case following its transfer to this District from the United States District Court for the Southern District of West Virginia.[1] The case was part of MDL 2327, a multi-district litigation action that remains pending in the Southern District of West Virginia and assigned to District Judge Joseph R. Goodwin. On February 21, 2020, Judge Goodwin entered a Transfer Order[2] that transfers to the appropriate jurisdictions this case and others he found "would be more expeditiously concluded in the venues from which they arise."[3] In his Transfer Order, Judge Goodwin urged the receiving courts "***to immediately set these cases for trial without reopening discovery. Further discovery will only result in unjust delay. Extensive development of these cases over a period of years has made such further action completely unnecessary.***"[4]

---

[1] Plaintiff appeared through counsel, Eleanor O. Aldous and Richard L. Budden. Defendants appeared through counsel, Kasey M. Adams and Bryan E. Mouber.

[2] ECF No. 31.

[3] *Id.* at 1.

[4] *Id.*

On March 6, 2020, the case was remanded to this District pursuant to Judge Goodwin's Transfer Order.

The parties filed a Joint Status Report[5] in advance of the conference to provide the Court with an overview of the case and their positions on certain issues related to discovery and motion practice. For instance, the parties agree that October 4, 2018 was the MDL discovery deadline, but following remand Defendants seek to conduct additional discovery. And although in the MDL Defendants moved for partial summary judgment on some of Plaintiff's claims—a fully briefed motion that remains for Judge Melgren to rule—Defendants now seek to file another summary judgment motion addressing the remaining claims Plaintiff asserts and challenging the timeliness of Plaintiff's complaint under the applicable statute of limitations. Finally, the parties address the status of certain *Daubert* motions filed in the MDL, some of which Judge Goodwin ruled in other waves of the MDL but did not expressly adopt in Wave 8 that includes this case, and others which Judge Goodwin did not decide and which remain for Judge Melgren to rule.

The Court discussed these issues with counsel, inquired about certain logistics and proceedings in the MDL, and made the following rulings. To the extent Judge Goodwin did not specifically incorporate his rulings from MDL proceedings entered prior to Wave 8, the Court now adopts those rulings to the extent those rulings address matters relevant to this case. Defendants' objections to this Court's adoption of those rulings, while preserved for the record, are overruled.

Certain matters relating to the parties' challenges to experts, made in the MDL, were deferred for ruling by this Court. The parties are directed to submit a joint status report digesting the specific issues remaining for this Court's determination. The parties are directed to confer

---

[5] ECF No. 60.

and advise Judge Melgren by no later than **May 15, 2020**, when whey will be able to submit that joint report.

Plaintiff is to provide Defendants with an updated Plaintiff Fact Sheet, utilizing the forms previously employed in this case, identifying additional medical treatment she has received since her deposition related to her alleged injuries. Plaintiff is also directed to include previously undisclosed medical records to the extent she has them. Plaintiff shall provide these documents to Defendants no later than **May 18, 2020**.  In the event Defendants believe that they require additional discovery relating to matters disclosed on this updated Plaintiff Fact Sheet, they must seek leave of Court.  The Court is cognizant of Judge Goodwin's urging against permitting additional discovery and this Court's view is that further discovery is disfavored. The Court will grant leave to conduct additional discovery only for exceptional cause shown.  No later than **June 15, 2020**, Defendants may file a motion seeking an order from Judge James allowing them leave to conduct specific additional discovery.

The parties previously agreed to post-remand depositions of two individuals, and those depositions may proceed as agreed to by the parties without further order.

Defendants filed a motion for partial summary judgment in the MDL, and now seek leave to supplement that motion to (1) seek full summary judgment by also addressing all of Plaintiff's other remaining claims, and (2) seek dismissal on the grounds that Plaintiff's action is barred by the applicable statute of limitations. Defendants concede the dispositive motion deadline set in the MDL has passed, and the Court will not grant Defendants leave to supplement their partial motion for summary judgment.  Accordingly, Defendants' Motion for Leave (ECF No. 61) is denied.  This Court will rule on the motions timely filed during the MDL which remain pending following remand of this action.

The parties are directed to pursue ADR settlement of this case. By **May 15, 2020**, the parties shall confer and advise Judge James by email of suggested deadlines for the following: (1) Plaintiff's submission of a good-faith settlement proposal to Defendants; (2) Defendants' submission of a good-faith counter proposal to Plaintiff; (3) a jointly-filed Notice of Mediation with the name of the mediator selected and the time and place of the scheduled mediation, or confidential settlement reports the parties will separately submit to Judge James by email; and (4) when mediation will be completed. Given the age and posture of this case, the Court expects mediation to occur in the relatively near future.

The Court will not set a trial date at this time.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Leave to File (ECF No. 61) is DENIED. The parties shall proceed as directed by this order.

**IT IS SO ORDERED.**

Dated this 29th day of April, 2020.

*[Signature: Eric F. Melgren]*
HONORABLE ERIC F. MELGREN
UNITED STATES DISTRICT COURT JUDGE

*[Signature: Teresa J. James]*
Teresa J. James
U. S. Magistrate Judge